[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court in this case are a motion to intervene as party defendant by Yankee Gas Services, Inc. (Yankee Gas) and the appeal of Intercon Gas, Inc. (Intercon) from the decision of the Connecticut Siting Council (Council), reflecting Intercon's application for a certificate of environmental compatibility and public need for the construction of a natural gas pipeline.
Motion to Intervene
On February 8, 1990, Intercon filed with the Council the application for the construction of an intrastate pipeline to transport natural gas to industries and municipalities in the towns of Coventry, Columbia, Lebanon, Franklin, Norwich, Preston, Ledyard, Groton and the City of Groton. This application was designated Docket No. 133. The Council held public meetings on February 26, 1990 and March 5, 1990. At the latter meeting, the Council granted Yankee Gas status as an CT Page 2355 intervenor, along with the Connecticut Municipal Electric Energy Cooperative and the Town of Preston. Subsequently, at the same meeting on March 5, the Council voted to dismiss without prejudice Intercon's application. The Council informed Intercon of its decision by letter on March 14, 1990, stating that the application was "premature and not ripe for Council consideration." Intercon thereupon brought this appeal. On June 14, 1990, Yankee Gas filed its motion to be made a party defendant in the appeal.
At the time the Council considered the request of Yankee Gas to join the agency proceedings as a party, the Council voted to grant it only intervenor status. However, at that March 5 meeting, a motion was unanimously passed "to reconsider the status of these intervenors as parties if the (Intercon) application is accepted." The motion of Yankee Gas to be made a party to this appeal is based on Conn. Practice Book 99. That section reads as follows:
 The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that they be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party.
The sole issue before the court in the instant appeal is whether the plaintiff Intercon was entitled to a hearing on its application to the Council. Intercon seeks, as its only remedy, a remand of the case so that its application will receive such a hearing. This is not a controversy that requires the presence of Yankee Gas as a party in order for the court to reach a complete determination of it. Furthermore, as indicated, if and when the Council undertakes a consideration of Intercon's application on the merits, it has already voted to consider Yankee Gas's request to be made a party to that proceeding. Accordingly, the court finds that Yankee Gas's motion does not satisfy the criteria of Practice Book 99.
The motion of Yankee Gas to be made a party defendant is denied without prejudice to its right to pursue that motion at the administrative level before the Council.
Intercon's Appeal
The issue raised by this appeal has its roots in General CT Page 2356 Statutes 16-501 and 16-50m. Section 16-501 prescribes the procedure for submitting an application for a certificate of environmental compatibility and public need and the information which must be included. Subdivision (1)(G) of subsection (a) of that statute requires the applicant to include "a schedule of dates showing the proposed program of right-of-way or property acquisition, construction, completion and operation." Intercon's application included a "Project Schedule" showing the periods of time, in weeks, allocated to the different activities necessary to complete the whole project. This included the amounts of time estimated as necessary to complete right-of-way acquisition (46 weeks) and amounts of time for contract bidding, construction, and construction "restake" (44 weeks). The application set forth a proposed route for the pipeline and an alternative route. The application also stated that Intercon was in the process of seeking a special act of the state legislature to incorporate a subsidiary, the Thames River Pipeline Company, as a public service company with the requisite powers of condemnation. At the time of the application, Intercon did not possess any such power. General Statutes 16-50m(a) provides, in relevant part, as follows:
 Upon the receipt of an application for a certificate complying with section 16-501, the council shall promptly fix a commencement date and location for a public hearing thereon not less than thirty days nor more than one hundred fifty days after such receipt.
In rejecting Intercon's application without holding the hearing provided in the statute, the Council stated it based its decision on the fact that Intercon did not have the power to acquire property by eminent domain and thus the "pipeline could not be reasonably expected to go forward nor could the Council review with any certainty the route of the proposed pipeline." The Council concluded, therefore, that the application was not "ripe." Connecticut Siting Council letter dated March 14, 1990. Record VIII-2.
As indicated above, Intercon appeals that decision and seeks as its sole remedy a remand to the agency and an order that a hearing be held in accordance with the statute
In opposition to the plaintiff's appeal, the defendant Council advances three basic arguments in its brief to this court. First, the Council contends that it was justified in rejecting the application because Intercon was relying on powers of condemnation to acquire the necessary rights-of-way and it did not yet possess those powers. The Council cites no CT Page 2357 authority for its position in this regard, however. In particular, the Council points to no statute which requires that an applicant have such powers in order to qualify for a hearing under section 16-50m(a). Certainly, section 16-501 (a) is silent on the subject, and it is that statute which contains the requirements for an application.
The Council's second argument is that Intercon's application was not complete. But the Council did not reject the application on the basis that it was incomplete. Indeed, the court has searched the record and has found no indication that the Council ever determined that any of the information required by section 16-501 was lacking. To the contrary, on March 1, 1990, Stanley J. Modzelewsky, the Council's Executive Assistant, provided a memorandum to the Council analyzing the application for compliance with section 16-501. Record IV-3. This memorandum describes the information and material which Intercon submitted to fulfill the requirements of each of subdivisions (A) through (H) of section 16-501 (a)(1). It also describes the steps and documentation thereof that Intercon I took to comply with section 16-501 (e). The memorandum notes that the required application fee of $25,000 was paid and that the Council complied with all service, filing and notice requirements. The memorandum does not indicate that the application was incomplete in any respect. On the basis of the whole record, the court concludes that the Council's argument on appeal that the application did not comply with the requirements of section 16-501 may not be sustained.
The Council's final argument is that Intercon is not aggrieved because it has not demonstrated that its specific personal and legal interest has been specially and injuriously affected by the Council's decision, citing State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295,299-300 (1987). The court disagrees. The legal interest claimed by the plaintiff is the right to a hearing under section 16-50m. That right was obviously injuriously affected by the Council's rejection of the application without a hearing.
In summary, General Statutes 16-50m(a) requires the council to hold a hearing to consider any application which complies with 16-501. There was no finding by the Council in this case that Intercon's application did not comply with 16-501, nor is there any evidence in the record which indicates such noncompliance. The Council's stated reason for denying Intercon a hearing, that the application was "premature" or not "ripe", has no basis in the law. The court finds, therefore, that the Council's decision violated16-50m(a) and thereby caused substantial prejudice of CT Page 2358 Intercon's legal rights. Pursuant to General Statutes4-183 (j), the court sustains the appeal. The case is remanded and the Council is ordered to hold a hearing on the application in accordance with 16-50m. This order is subject to the condition that Intercon pay any fee required by 16-501.
MALONEY, JUDGE